**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

In Re:

JULIE R. ASPIRAS,

      Debtor.

Civil No. 17cv674-WQH-KSC

Bankruptcy No. 15-07651-CL7

---

JULIE R. ASPIRAS,

      Appellant,

v.

RONALD E. STADTMUELLER,
CHAPTER 7 TRUSTEE

      Appellee.

MICHAEL MCGILL; and, ALISON
JULIE BARR- MCGILL,

      Real Parties in Interest.

**ORDER**

---

HAYES, Judge:

      The matter before the Court is the Amended Notice of Appeal from the Order denying emergency motion for reconsideration issued by the Bankruptcy Court on March 21, 2017 filed by Debtor.  (ECF No. 2).

## I. Background facts

On November 30, 3015, Debtor filed a voluntary Chapter 11 Petition, which was subsequently converted to Chapter 7. After conversion, the Trustee undertook efforts to sell debtor's residence.

On December 27, 2016, the Trustee filed a motion to sell Debtor's real property upon receiving an offer for $1,763,000 subject to overbid.

On January 12, 2017, the Trustee filed an amended motion to sell Debtor's real property which made no changes in the offer amount.

Debtor filed a late opposition to the sale motion arguing that the sale was commercially unreasonable based upon new developments.

On February 10, 2017, the Trustee filed a reply to the Debtor's opposition informing the Bankruptcy Court that there would be an overbid on the property in the amount of $2,000,000 that would yield $122,959 for the estate.

On February 13, 2017, the Bankruptcy Court held the initial sale hearing. Debtor and counsel were present. The overbidder identified in the February 10, 2017 reply was present and provided a deposit and proof of funds to close. In order to avoid the sale, Debtor presented a $120,000 personal check to the Trustee during the hearing and promised to provide another $100,000 within 10 days. The Bankruptcy Court required that the Debtor pay by guaranteed funds stating in an order that the Debtor's funds "could mean that the Property sale would no longer be necessary." (ECF No. 8-7 at 185). The Bankruptcy Court continued the sale hearing to February 24, 2017 and directed counsel for the Trustee to file a status report the day before the continued sale hearing.

On February 22, 2017, counsel for Trustee sent an email to counsel for Debtor advising the Debtor that accepting the Debtor's offer of $220,000 in lieu of a sale would result in a commission owed to the realtor that would not make the estate solvent. In a status update before the continued hearing, the Trustee stated that he had received another overbid of $2,082,500 on the property and this offer would yield $191,375 for the estate – $2,255 more than the estate would net from the Debtor's $220,000 contribution.

On February 24, 2017, the Bankruptcy Court held continued the sale hearing on the amended status report. Debtor was not present at the hearing at the hearing. Counsel for the Trustee informed the Bankruptcy Court that the Debtor's $220,000 contribution would not make the estate solvent and that there were overbidders present. Counsel for the Trustee opposed further overbid by the Debtor on the grounds that the Debtor had not given timely notice of overbid and that the Debtor was not present to overbid. Counsel for the Debtor informed that Bankruptcy Court that the Debtor left the last hearing with the understanding that the $220,000 contribution would be sufficient and that the Debtor had been surprised by the Trustee's assertion that commission would be owed to the realtor. The Bankruptcy Court concluded that the Debtor was not told at the prior hearing that the $220,000 contribution would close the deal and recessed to allow counsel for Debtor to call the Debtor to ask whether the Debtor would authorize a further overbid. Debtor was unavailable to her counsel during the recess. As a result, counsel for Debtor did not have binding authority to authorize an overbid. The Bankruptcy Court ordered the sale to the McGill overbidders in the amount of $2,082,500. The Bankruptcy Court authorized the Trustee to sell the property of the estate.

On February 28, 2017, the Trustee received an unsolicited, additional $100,000 of funds from the Debtor in the mail.

On March 6, 2017, the Bankruptcy Court entered the Order approving the Trustee's amended motion to sell the real property for the $2,082,500 overbid.

On March 14, 2017, the Debtor filed a motion seeking reconsideration of the sale order based upon the additional $100,000 of funds provided by the Debtor to the Trustee after the sale hearing. Debtor asserted that the additional funds provided "newly discovered evidence" that warranted reconsideration of the sale order. (ECF No. 8-5 at 44). The Debtor asserted that the additional funds provide a greater benefit to the bankruptcy estate than the final accepted overbid. Because the additional funds provide a greater benefit to the bankruptcy estate than the final accepted overbid, the Debtor asserted that there is "now neither a valid business justification for the sale nor is the sale in the best interest of the

estate specifically the unsecured creditors." *Id*. at 45. Debtor asked the Bankruptcy Court to "reconsider its order granting the Sale Motion and vacate the Order granting the Sale Motion." *Id*. at 46.

The Trustee opposed reconsideration. The Trustee asserted that the Debtor had been fully informed of the marketing process, the sale hearings, and the court-approved sale of the property. The Trustee asserted that the Debtor had failed to meet the burden to establish newly-discovered evidence warranting reconsideration. The Trustee asserted that the Debtor had the opportunity to attend the sale hearing and submit an overbid and that tender of an additional $100,000 to defeat the sale was a disguised late overbid.

On March 21, 2017, the Bankruptcy Court denied the motion for reconsideration and stated:

> Debtor argues that the $100,000 she has offered is newly discovered evidence that warrants reconsideration of the Order. Not so. For evidence to be newly discovered, it "(1) [must have] existed at the time of trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." (citation omitted).
>
> There is no question that Debtor's $100,000 – timely and appropriately offered in response to the sale motion – would have changed the outcome of the case. But Debtor has not established that the first two requirements have been satisfied, and the court is skeptical that they could ever be. Even if Debtor could show that she had another $100,000 available at the time of the hearing, the court doubts that she could not have discovered such a large sum through due diligence. In addition, this court is unwilling to disturb the Order "solely on the grounds that a 'better offer' has since materialized." (citation omitted). Debtor's motion for reconsideration is **denied.**

*Id.* at 78.

On April 6, 2017, the Bankruptcy Court entered an order denying the motion for stay pending appeal filed by the Debtor.

On April 3, 2017, Appellant/Debtor filed Notice of Appeal in this district court.

On April 5, 2017, Appellant/Debtor filed an Amended Notice of Appeal stating the subject of this appeal as follows: "State the date on which the judgment, order, or decree was entered: March 21, 2017." (ECF No. 2-1.)

On June 5, 2017, Appellant/Debtor filed opening briefing.

On July 3, 2017, Appellee/Trustee filed the responsive briefing.

On August 8, 2017, Appellee/Trustee filed Appellee's statement regarding why oral argument should not, or need not be permitted.[1]

**III. Standard of Review**

The denial of a motion for reconsideration by the Bankruptcy Court is reviewed for an abuse of discretion. *In re Cruz*, 516 B.R. 594, 601 (9th Cir. BAP 2014). "A bankruptcy court abuses its discretion if it applies the wrong legal standard or its findings were illogical, implausible or without support in the record." *Id. citing TrafficSchool .com. Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**II. Ruling of the Court**

Appellant/Debtor contends that the Bankruptcy Court abused its discretion in not vacating the sale order based upon the Debtor's mistake that her $220,000 tender would save her home. Debtor asserts that the Bankruptcy Court should have continued the February 24, 2017 hearing and should not have allowed the overbidding process to proceed without the Debtor's presence. Debtor further asserts that the status reports of the Trustee failed to provide adequate notice of the overbidding involving her home in violation of her procedural due process rights. Debtor further contends that there was no business justification for the sale given the additional $100,000 tendered by the debtor to the trustee.

Appellee/Trustee contends that the Debtor was given every opportunity to participate in all aspects of the sale of the property, that Debtor was specifically informed of the overbid auction, and that the Debtor chose not to attend the sale hearing. The Trustee asserts that the Debtor was fully informed prior to the final sale hearing that her tender of $220,000 would not make the estate solvent and that the Debtor was fully informed of the overbid that would be considered at the February 24, 2017 sale hearing. The Trustee contends that the Debtor was not deprived of any procedural due process rights. The Trustee contends that the

---

[1] The Court finds that oral argument is unnecessary, as the facts and legal arguments are adequately presented in the briefs and the record, and the process would not be significantly aided by oral argument. *See* FED. R. BANKR. P. 8019(b).

Bankruptcy Court was not required to reconsider the business justification for the sale based upon the additional $100,000 tendered by the debtor to the trustee.

A party can move to amend a bankruptcy court's judgment within 14 days of the entry of judgment under Federal Rule of Civil Procedure 59(e), applied in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023. "A Rule 59(e) motion may be granted if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011). An order under Rule 59 is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enterprises, Inc. V. Estate of Bernice Pauhai Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). When a party relies upon newly discovered evidence, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir 1990).

In this case, the Bankruptcy Court found that the additional $100,000 tendered by the Debtor to the Trustee did not constitute newly discovered evidence warranting reconsideration of the sale order. The Bankruptcy Court found no evidence that the additional $100,000 tendered by the Debtor existed at the time of the sale hearing and could not have been discovered through due diligence. The record in this case supports the finding that the Debtor was given every opportunity to participate in the sale of the property; that the Debtor was informed that her $220,000 would not make the estate solvent, and that the Debtor was informed that an overbid would be considered at the sale hearing.[2] The Debtor did not attend the February 24, 2017 sale hearing and counsel for the Debtor had no authority to act for Debtor in the overbid auction. The Bankruptcy Court reasonably

---

[2] There are no facts in this record to support any violation of the Debtor's procedural due process rights.

17cv674-WQH-KSC

concluded that the $100,000 tendered by the debtor to the trustee was an attempt to make a better offer after the sale had been ordered and that the reconsideration was not warranted. *See In Re Quanalyze Oil & Gas Corp.*, 250 B.R. 83, 90 (Bankr. W.D. Tex. 2000) ("[I]t is entirely inappropriate under the circumstances of this case, to disturb an order authorizing sale solely on the grounds that a 'better offer' has since materialized."). After concluding that there was no newly discovered evidence to support reconsideration, there was no basis for the Bankruptcy Court to revisit the conclusion that the sale ordered was in the best interests of the estate.

The Court concludes that the Bankruptcy Court did not abuse its discretion by entering the March 21, 2017 order denying Debtor's motion for reconsideration.

## III. Conclusion

IT IS HEREBY ORDERED that the March 21, 2017 order denying reconsideration is affirmed. The appeal is dismissed. The Clerk of the Court shall close the case.

DATED: January 5, 2018

**WILLIAM Q. HAYES**
United States District Judge